## CORA ANN SLOCOMB and others *v.* JOHN A. WATKINS.

In a suit against the endorser of a note, where the name of the latter has been erased, the plaintiff must account for the circumstance, or the obligation will be considered as cancelled. The affidavit of the plaintiff will not be received to prove that such erasure was made through error or accident; it must be established by legal evidence, not by the declarations of the party who seeks to recover.

Arts. 2258, 2259 of the Civil Code relate exclusively to written obligations, which have been either lost or destroyed. They are in derogation of the general principles of evidence, and will not be extended to cases not clearly within their purview.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Elmore* and *King*, for the appellants, contended: 1, that the

affidavit of the plaintiffs should have been received to account for the erasure of defendant's name. Civ. Code 2258. *Cantrelle et al.* v. *Percy*, 17 La. 520. 2, that the judgment, if against the plaintiffs, should have been one of non-suit.

*Peyton* and *J. W. Smith*, for the defendant. The testimony of Dennis, one of the makers of the note, was properly received. The maker of a note is a competent witness, in an action against the endorser, to prove payment. Chitty on Bills, 653—8. The erasure of the defendant's name is evidence from which it will be presumed that the obligation has been extinguished, until the contrary be proved. Ib. 214. *Sollèbellao* v. *Reeve's curator*, 3 La. 56.

MORPHY, J. This suit is brought on a joint and several promissory note, drawn by Thomas R. and James A. Dennis, to the order of, and endorsed by the defendant. The answer pleads want of protest and notice; it avers further, that defendant is not liable, because his name has been erased on the instrument sued on, and his obligation, if it ever existed, thereby cancelled, and because the makers have paid a judgment obtained against them in Mississippi on this same note. There was a judgment below in favor of the defendant, from which this appeal has been taken.

The record shows that in 1838, a suit was brought in Mississippi against the makers, in the name of J. A. Watkins, for the use of Slocomb, Richards & Co., and a judgment obtained; but the evidence has failed to convince us that it has ever been satisfied by the defendants in that suit. One of them, it is true, has sworn that, in November, 1839, he paid the money into the hands of the sheriff, charged with the execution of the judgment, and took the receipt of that officer, which he says he has mislaid. To this testimony we cannot give much credit, as it is contradicted by the attorneys who prosecuted the suit. They declare that the makers were insolvent, and that nothing could be made out of the judgment. The returns of the sheriff show moreover, that several writs issued successively for the amount due by them, but without success, and that the last of these writs issued after the time when this payment is pretended to have been made at the sheriff's office. It further appears, that under this last writ two negro women were seized and sold in January, 1840, but that the proceeds of the sale

were applied to previous executions, of which there was a great number against them in the hands of the sheriff.

In relation to the first ground of defence, the name of the defendant as endorser on this note, appears to have been stricken off and erased, but at what time, by whom, and for what purpose, has not been either alleged ·in the petition, or satisfactorily shown on the trial below. The plaintiffs who produce a cancelled instrument, and seek to recover on it, are bound to account for the erasure; unless they do so, it is evidence that the obligation resulting from the endorsement has been annulled. They accordingly offered their own affidavit to show the circumstances under which the obliteration was made; but this mode of proof was objected to, and in our opinion properly rejected below, on the ground that no party can be permitted to give evidence in his own behalf. It has been pressed upon us by the appellant's counsel, that this case, from its peculiar circumstances, should come under articles 2258 and 2259 of the Civ. Code, and that the plaintiffs' affidavit should have been received. We think otherwise. The articles referred to, should not be extended to cases which are not clearly within their purview, as they are in derogation of the general principles of evidence. They relate only to written obligations, which are either lost or destroyed. The formalities of advertising the loss, and in some cases of giving security to indemnify the party against the re-appearance of the instrument, as well as the faculty given of proving its contents by parol, show conclusively that these articles contemplate only written obligations, the absolute absence of which must be accounted for, when they are made the foundation of a suit. In the present case, the note is produced, but the endorsement on it is cancelled. The fact that this erasure was made by error or accident, must be shown by legal evidence, not by the declarations of the party who seeks to recover on it. This erasure, it is urged, must have been made by the attorneys who brought suit on the note in Mississippi, as in their testimony they say that in order to sue in the name of the payee for the benefit of the endorsees, it was necessary to strike off his name; but when examined to the point, they deny that this erasure was made by them, and there is no evidence to show that it did not exist when the note was handed to them for collection. If the holder of

a note to secure or facilitate to himself the means of suing one of the parties to it, erases the name of another party, such an act may well be looked upon as a voluntary release of the latter's liability. But the evidence leaves it doubtful who made this erasure; and until it be shown to have been done through accident or by the hand of a third person, without the consent of the plaintiff, the presumption that the obligation has been extinguished, will stand as a bar to any recovery. 3 La. 56. We think, however, that under the circumstances of this case, the judgment below should have been one of non-suit.

It is therefore ordered that the judgment of the Commercial Court be reversed, and that ours be for the defendant, as in a case of non-suit, with costs in both Courts.