PROVOSTY, J.
A school tax having been ' voted in the Chaneyville school district of the parish of Rapides for the purpose of purchasing grounds and building a sehoolhouse, six taxpayers of the district brought this suit enjoining the Secretary of State from promulgating the result of the election and the police jury from levying the tax, on several grounds, one of which alone is now insisted on and need be considered.
The tax is sought to be imposed under article 232 of the Constitution and Act No. 131, p. 200, of 1898, which is the legislation carrying article 232 into effect. ■
• Article 232 need not be transcribed here in full. Suffice to say that for certain specified purposes it'authorizes parishes, municipal corporations, wards, and school districts to levy special taxes “whenever the rate of such tax and the number of years it is to be levied and the purposes for which it is intended shall have been submitted to a vote of the property taxpayers of such parish, municipality, ward or school district,” and shall have been voted on favorably.
The relevant parts of Act No. 131 are as follows;
“Section 1. That whenever one-third' of the property taxpayers of any parish, municipality, ward or school district in this state, shall petition the police jury of such parish or the municipal authorities of such municipality, to levy a special tax for the support of public schools, and for the purpose of erecting and constructing public buildings, public schoolhouses, bridges, wharves, levees, sewerage work and other works of permanent public improvement, the title of which shall be in the public, the said police jury or municipal authorities shall order a special election for that purpose, and submit to the property taxpayers of each parish, municipality, ward or school district, the rate of taxation, the number of years it is to be levied, and the purposes for which it is intended.
“Sec. 2. That the petition mentioned in section 1 of this act shall be in writing, and shall designate the object and amount of the tax to be levied each year, and the number of years during which it shall be levied.
“Sec. 3. That if a majority in number and value of the property taxpayers of such parish, municipality, ward or school district voting at such election, shall vote in favor of such levy of said special tax, then the police jury, on behalf of such parish, ward or school district, or the municipal authorities, for and on behalf of such municipality, shall immediately pass an ordinance levying such tax, and for such time as may have been specified in the petition, and shall designate the year in which such taxes shall be levied and collected.”
“See. 5. That the police jury of any parish, ward or school district, or the municipal authorities of any municipality, shall, when the vote is in favor of the levy of such taxes, levy and collect annually, in addition to other taxes, a tax upon all taxable property within such parish, municipality, ward, or school distinct, sufficient to pay the amount specified to be paid in such petition, * * * which taxes so collected shall be used for the puxpose named in said petition, and in the case of a tax being named for the support of a public school, or for the purpose of erecting a public schoolhouse, the same shall, from time to time, as the same is collected, be paid to the board of school directors of the parish in which said tax is levied, and be used for the purpose stated in said petition.”
From the foregoing it will be observed that while it is the rate of the tax, and not its amount, that is to be submitted to the vote of the taxpayers, it is the amount of the tax, and not its rate, which apparently is required to be stated in the taxpayers’ petition to the police jury. The Constitution and section 1 of the act expressly require that the rate of the tax shall be submitted to the vote of the taxpayers, and say nothing of the amount of the tax; whereas section 2 of *71 the act requires that the amount of the tax shall be stated in the taxpayers’ petition, and says nothing of the rate; and section 5 provides that the police jury shall each year “levy a tax sufficient to pay the amount Specified to be paid in the taxpayers’ petition.” Now, b.asing themselves upon sections 2 and 5 of the act, plaintiffs insist that the petition of the taxpayers must, under pain of nullity, designate the amount to be realized each year from the tax, and that if, as in the present case, the rate of the tax- is alone stated in the petition, without the amount proposed to be realized, the law is not complied with, and the tax is illegal.
Defendants, on the other hand, insist that what the statute has reference to in speaking of the amount of the tax, is the rate of the proposed taxation, and that it is the rate of the tax, and not the amount of money desired to be realized, that must be stated in the petition.
We must hold with plaintiffs that what, under the language of the act, is required to be designated in the petition, is the amount, and not the rate, of the tax.
If section 2 stood alone in the act, the term “amount of the tax to be levied each year” might be construed to mean the rate of the tax to be imposed, and that only the rate of the tax need be specified in the petition; but section 2 must be read in connection with section 5, which requires the police jury to levy each year a tax “sufficient to pay the amount specified to be paid in such petition.” There is no escaping from this language. It absolutely requires that the petition shall specify some amount to be pa'id each year.
It is not apparent why the framer of Act No. 181, in prescribing what the petition of the taxpayers should contain,, should have used the word “amount” instead of the word “rate,” if what was meant was the rate, and not the amount, of the tax. We cannot suppose that the word “amount” was thus used inadvertently in plac«?of the word “rate,” for we see that- in the preceding section the word “rate” has been used with careful discrimination in order to conform with the Constitution.
Another consideration is that the evident intention of the act is that the tax shall not necessarily have to be imposed each year to the full limit authorized by the vote of the taxpayers, but only to an extent sufficient to provide the sum needed — -in the language of section 5, “the amount specified to be paid in such petition.” In the contemplation of the act, therefore, it is absolutely indispensable that some amount should be specified as necessary to be obtained each year.
The learned judge a quo took that view of the matter, and we agree with him.
Judgment affirmed.
BREAUX, C. J., dissents.
See dissenting opinion of LAND, J., 30 South. 892.