No. 6287.

# MARY JOHNSON, WIDOW OF JAMES LEWIS, vs. BUREAU OF ENDOWMENT OF DISTRICT GRAND LODGE NO 21, UNITED ORDER OF ODD FELLOWS, ET AL.

## Syllabus.

Material erasures, cancellations or other alterations appearing upon the face of an instrument are presumed to have been made subsequent to its execution and delivery and without authority. The party relying upon such an instrument assumes the burden of establishing that the alterations were made under circumstances that would render them effective.

Appeal from the 'Civil District Court, Parish of Orleans, Division "D," No. 105,941. Honorable Porter Parker, Judge.

J. E. Fleury, for plaintiff and appellee.

Grant & Grant, and F. B. Smith, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Mary Lewis, the plaintiff, claims as the designated beneficiary under an endowment policy issued by the defendant upon the life of her son, and the defense is that the policy is in favor of the wife of the insured to whom the benefits that accrued upon the death of the son have been paid.

As the case involves a question of law relative to the alteration of instruments, a proper understanding re-

quires the following reproduction of that portion of the policy wherein the beneficiary is designated:

"The benefits thus accruing to be paid to:
"Name: Mary Lewis.    Relation: Wife.
"Name: ............    Relation: Mother.
"Name: ............    Relation: ..........,

The policy thus evidencing upon its face a material alteration, consisting of the cancellation of the word "wife" by the drawing of two lines through it, the presumption is that this alteration or cancellation was made subsequent to the execution and delivery of the instrument and without authority. That is to say, as the plaintiff relies for the establishment of her right upon a document which on its face exhibits a material cancellation, the burden is upon her to prove that this alteration was made prior to the execution and delivery of the instrument or at any rate with such authority as to make the instrument effective.

Wheadon vs. Turregano, 112 La., 993.
Messi vs. Fechedi, 113 La., 68.
Slocomb vs. Watkins, 1 Rob., 214.
Union Bank vs. Brewer, 2 An., 836.

This burden she has failed to sustain.

In the first place the facts disclosed by an inspection of the document itself support the legal presumption that the word "wife" was in the policy at the time of its execution for it is written apparently in the same hand and with the same pen and ink as the body of the policy. Likewise, the word "wife" is in the space it would properly occupy if it were originally written in the policy, while the unusual relative positive of the words "Mary Lewis" and "mother," and the fact that they are in a

different handwriting and are written with different pen and ink from the body of the policy, justify the conclusion that these words were subsequently incorporated in the instrument—a conclusion which is greatly strengthened by the fact that the same hand and pen that wrote the words "Mary Lewis" and "mother," cancelled the word "wife" by drawing the two lines through it.

Nor is plaintiff's case aided by the extrinsic evidence. For while there is some conflict therein, we feel justified in placing greater reliance upon the testimony and records showing that the wife is the beneficiary, since they emanate from a more disinterested and unbiased source than the evidence favorable to plaintiff.

The judgment is accordingly reversed and plaintiff's suit is now dismissed at her costs in both Courts.

Judgment reversed.

Opinion and decree, February 1, 1915.

St. Paul, J., takes no part, not having heard the argument.