*McMICKEN vs. BEAUCHAMP.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Erasures or interlineations in the substantial part of an instrument, are presumed to be false or forged, and must be satisfactorily accounted for before the instrument can be received in evidence.

The facts are fully stated in the opinion of the court delivered by

*Mathews, J.*

This suit is brought against the acceptor of a bill of exchange. The acceptance by the defendant is conditional, and was made in the following words : " I accept the above " order, etc. upon the express, understanding, that no part " is liable to be paid, until a certain judgment for one thous- " and dollars, in favor of the estate of C. Gale, rendered ". against John Leggo and Samuel Adams be satisfied, if the ' same should be a lien on the land bought : believing the " same may be a lien upon the land upon which I live at pre- " sent, and which was conveyed to me by Samuel Adams, " subsequent to the said judgment being recorded. May " 10, 1820."

The answer, among other pleas, contains a general denial. On the trial of the cause in the court below, the reading of the acceptance was objected to by the defendant's counsel, until the plaintiff should account for the words, "if the same be a lien upon the land bought," being interlined in

said instrument; as they appear to have been written with ink different in color from the other parts of it.

Eastern District,
*March* 1831

M'MICKRN
*vs.*
BEAUCHAMP.

The judge *a quo* overruled this objection; and judgment being rendered in favor of the plaintiff, the defendant appealed.

We are of opinion the judge erred in receiving the instrument in evidence, with this apparent falsification—if the alteration be in a substantial part—*See Febrero, part.* ii. *b.* 3, *c.* 1; *no.* 341—wherein the author treats of the falsity of instruments which may be presumed. On examining the authority to which he refers in relation to this subject, we discover, that writings erased or interlined, are presumed to be false. Mascardus de probationibus in concl.126♠, states, positively, that writing erased, is presumed to be false or forged, No. 1. No, 2. *Scriptura in qua abrasio reperitur, nihil piorsus probit.—No.* 8. The same rule prevails in relation to interlineations. This rule has its exceptions or limitations: the first of which is, that it is not applicable to instruments where the erasure or interlineation is not made in a substantial part. The interlineation found in the acceptance on which the present action is based, appears to us to have been made in such a manner as to change the obligation of the acceptor, by introducing an alternative condition, differing from that contained in the original instrument; and this, in favor of the holder, more onerous than the former. It must, therefore, be considered in the light of a material alteration; and from the different appearance of the ink, it is evident it was not made at the same time when the acceptance was signed.

Erasures or interlineations in the substantial part of an instrument, are presumed to be false or forged, and must be satisfactorily accounted for before the instrument can be received in evidence.

*1261*

It is true, that the condition in the instrument, according to its last clause, seems to have been imposed under a belief that the judgment alluded to, operated as a lien on the land purchased by the acceptor; and under this belief, he requested that it should be discharged, before he would agree to pay the draft. Influenced by the same belief, the hold-

er took upon himself to cause said judgment to be discharged, before he could rightfully demand payment of the acceptance.

Whether the judgment was a mortgage on the land or not, depended on a legal discussion ; the expense of which, it may well be presumed from the tenor of the contract, the acceptor did not choose to take on himself. An acquitance of that judgment would have freed the matter from all doubt and risk ; whilst the clause interlined, might leave the supposed lien to be contested between the judgment creditor and the acceptor.

Before concluding, it may not be improper to remark, that the rules in relation to this subject, cited from the Spanish and civil law, are in conformity with the law of merchants, and all systems of jurisprudence with which we have any acquaintance.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be avoided, reversed, and annulled. And it is further ordered, adjudged, and decreed, that the case be remanded to be tried *de nova*, with instructions to the judge *a quo*, not to admit in evidence the acceptance relied on by the plaintiff, until he accounts satisfactorily, for the interlineation complained of by the defendant, and that the appellee pay the costs of this appeal.