### L. PIPES *v.* F. HARDESTY et al.

The presumption is against the validity of a deed which presents on its face a material interlineation; but this is not a presumption *juris et de jure*. It yields to contrary proof; and even to concurrent circumstances, which create a strong presumption that the interlineation was made before the execution and delivery of the deed.

APPEAL from the District Court of the Parish of East Feliciana, *Sterling, J. Muse & Merrick,* for plaintiff. *Winter & Marr,* for defendants and appellants.

BUCHANAN, J. This case comes up upon a bill of exceptions to the admission of a deed in evidence, without a material interlineation on the face of the deed being accounted for.

In the bill of exceptions, it is stated, "the court, however, being of a different opinion, permitted the document to go in evidence."

From this, together with the certificate of the clerk, of the deed being offered in connection with certain depositions, we may infer that the court considered that the testimony offered with the deed, accounted for the interlineation; and we cannot say that the court erred. The deed in question bears date the 21st March, 1831. Appended to it, is the certificate of a Justice of the Peace of Adams County, Mississippi, (where the deed was made); that it was acknowledged before him on the 21st March, 1831, being the day of its date. Also the certificate of the keeper of the records (county clerk) of Adams county; that the deed, as it now appears, was deposited with him for record on the same day, 21st March, 1831. The Justice of the Peace before whom the deed was acknowledged, *James Carson*, has also been examined as a witness in this cause, and having examined the original document, declares that the same was executed in his presence on the 21st March, 1831. This witness was cross-examined by the defendant, but his attention was not called by the cross-interrogatories to the interlineation of the words " and separate" in the deed; which is probably the reason that he says nothing about that interlineation, although

the original deed was before him, while giving his evidence. We understand this witness to testify to the execution of the deed as it now appears—with the interlineation. This conclusion is certainly rather a matter of inference; but an inference which is strongly favored by the internal evidence of the document itself, which comes up with the record. The interlineation is manifestly in the same handwriting as the rest of the deed, and written with the same ink.

In the case of *Morris' lessee* v. *Vandurn*, 1 Dallas 67, it was held that the presumption is, that an interlineation in a deed was made after its execution, unless otherwise proved. And in *Prevost* v. *Gratz*, 1 Peters' C. C. Reports, 369, Judge Washington said: " I find upon the face of the account, a material alteration and interlineation, unexplained by any evidence whatever, tending to show at what time they were made. These, of themselves, would be sufficient upon the plea of *non est factum* to a deed, to avoit it. The presumption in such case is, that the alteration was made after the execution of the deed." See also *Croghan* v. *Gratz*, 5 Wheaton, 502. *Heffelfinger* v. *Schultz*, 16 Sergeant & Rawle, 46.

The rule of the civil law seems to be, that writings erased or interlined, are presumed to be false. See Febriro, part 2, b. 3, c. 1, No. 341.

And this rule is declared by Judge Matthews in *McMicken* v. *Beauchamp*, 2 L. R. 292, in quoting the authority referred to by Febriro, to be in conformity with the law merchant, and with the jurisprudence of the other States. The rule is stated by the learned judge to be subject to exceptions and limitations; and in *Flescher's Heirs* v. *Cavalier*, 4th La. Rep. it is said by Judge Martin, that when the alteration or interlineation is in an important part of the instrument, evidence to support it should be given.

From these authorities it results, that the presumption is against the validity of a deed which presents on its face a material interlineation; but that this is not a presumption *juris et de jure*. It yields to contrary proof; and even to concurrent circumstances, which create a strong presumption that the interlineation was made before the execution and delivery of the deed. Now, it cannot be denied, that the interlineation in the case at bar, was a material one; but the deed was not presented without accompanying proof tending to do away with the presumption, that it had been altered after its execution; and we think that under the circumstances, the paper was properly allowed to go to the jury, and the fact of the time when the interlineation was made, submitted to their decision. That fact has been found for the plaintiff by the verdict; which seems to be warranted by the evidence before the jury.

On the subject of interest as between the defendant and warrantor, we do not think the defendant has any cause to complain of the judgment appealed from.

Judgment affirmed, with costs.