STUBBE BROTHERS, INC., Plaintiff and Appellant, *v.* J. AGUS-TÍN DÍAZ, Defendant and Appellee. STUBBE BROTHERS, INC., Plaintiff and Appellee, *v.* J. AGUSTÍN DÍAZ, Defendant and Appellant.

Nos. 5183 and 5184. Argued January 15, 1931.—Decided February 3, 1932.

A. *Lastra Charriez* for defendant and appellee-appellant. *E. Rincón* and *A. Arroyo Rivera* for plaintiff and appellant-appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

From the evidence in this case we harbor no doubt that J. Agustín Díaz and Domingo Quintana signed a promissory note in favor of Stubbe Brothers, Inc., the plaintiff in this case. The plaintiff seeks to hold J. Agustín Díaz alone for the payment of the note. The court in fact decided that the liability of the two makers was a joint one (*mancomunada*) and that J. Agustín Díaz was only responsible for half of the amount sued upon.

We have no doubt that J. Agustín Díaz bought merchandise from the plaintiff and was originally responsible for the whole amount for which subsequently a promissory note was given.

The complaint set out an ordinary promissory note wherein the two makers signed simply saying "we shall pay." This was presumptively joint and not joint and several. At the trial, however, the plaintiff produced the note which had

an interlineation that said "severally and jointly" (*"solid. y mancomunadamente"*).

The plaintiff introduced evidence tending to show that this interlineation was made before the note was signed. Therefore, the plaintiff moved the court during the trial to permit an amendment to the complaint. This the court refused to do on the theory that the case was not a proper one for an amendment which would entirely change the cause of action. The court evidently did not believe that the plaintiff had sufficiently established the fact that the interlineation was made before the note was signed. Necessarily if the court did not believe that the interlineation was a genuine one or was sufficiently proved to be so, it was justified in refusing to permit the amendment. Where the complaint sets out a joint (*mancomunada*) cause of action, the court would have some reason to doubt whether the changes were made before the signing of the instrument, especially when there was evidence tending to show that it was not in fact signed with the interlineation. The court, however, based its decision in part on the custom of adverting to (*salvar*) interlineations. So far we find no custom or law to this effect except as to notarial instruments.

The general jurisprudence is that where an interlineation is made, *prima facie* it will not prevail. Of course there are cases where, when the interlineation appears to be clearly made by the same person, the court perhaps has a right to think that it was all done at the same time. The parties always have a right to show that the interlineation was made before the note was signed. We are discussing, of course, material changes, because immaterial changes do not affect the validity of the instrument. Nor, as we understand it, do the interlineations destroy the effect of the document without such interlineations. *McMicken* v. *Beauchamp*, 2 La. 291; *Wheadon* v. *Turregane*, 112 La. 931, 36 So. 808; 2 C. J. 1231 *et seq.*, sections 102, 104, 214, and 216.

We do not question the holding of the court that the note on its face was not a joint and several one.

Nevertheless, we think the judgment should be reversed. There are various theories on which the action of this Court might perhaps be supported. We prefer, however, to base our conclusion on the theory that while Domingo Quintana signed the note jointly with J. Agustín Díaz, nevertheless as between the parties the responsibility of Quintana was only that of a surety. When two persons sign a promissory note the holder of the note is not obliged to recognize the relation between the makers but may sue them both as principals. In this case it was clear that Domingo Quintana simply signed the note as a surety, and under the circumstances the plaintiff had a right to consider the actual relations of the parties and to elect to sue J. Agustín Díaz for the whole amount as he was primarily responsible.

One of the theories of the plaintiff is that there were two causes of action set out in the complaint, one for the merchandise sold and delivered to the defendant, and the other for the promissory note, or, in other words, as the plaintiff itself has expressed it, the complaint contained two counts.

An examination of the complaint convinces us that neither in form nor in substance did the complaint contain what is known as two counts, but did contain a narrative of all the facts. The statement in the second paragraph as to the merchandise might be considered as a mere recital of the origin of the obligation. On the other hand, we have some doubt as to whether when a promissory note is not paid the original liability does not revive. Perhaps there was no necessary inconsistency so far as J. Augstín Díaz was concerned, whether he was sued for merchandise sold and delivered or on the promissory note, and of course Domingo Quintana would have no complaint if the suit against him was abandoned altogether.

It does not appear that there was a real novation of the original obligation because under section 1172 of the Civil

Code novation does not arise unless it is so declared or the old and the new obligations are incompatible in all points. We do not care specifically to base our opinion on this ground because these principles have not been sufficiently treated or developed in the briefs of the parties.

There is perhaps a slightly different theory on which a total judgment against J. Agustín Díaz might be based. If the plaintiff had brought suit and recovered judgment against both J. Agustín Díaz and Domingo Quintana, the latter would have an action over against J. Agustín Díaz. We may question then whether Stubbe Brothers, Inc., was not subrogated to the rights of Domingo Quintana against J. Agustín Díaz and to avoid multiplicity of suits might have sued him directly. This principle is suggested in the case of *Keller. v. Ashford,* 133 U.S. 610.

J. Agustín Díaz also appealed from the judgment and filed an elaborate brief, but we are not convinced under any theory that he could escape liability because of imperfections in the note or in its manner of presentation at the trial or by reason of any relations between the parties. We have no doubt, as we have said, that J. Agustín Díaz did in fact receive the merchandise. If by any reason the note made by him was null and void, then clearly a right of action would arise against him for the merchandise which the record shows was delivered to him.

The judgment appealed from will be modified so as to adjudge that the defendant shall pay to the plaintiff the amount of the note, that is, $4,057.31, with interest at the rate of 12 percent per annum from June 30, 1926, the said judgment being affirmed in all other particulars.