This is an appeal from a judgment dismissing plaintiff's suit in which he claimed $190.00, as the balance due on the purchase price of a Ford truck.
Frank Owens, the plaintiff, alleged that on July 17th, 1946, he agreed to sell to James Felder, the defendant, a 1937 Ford V-8 60 Panel Truck for the sum of $200.00, $10.00 of which was paid on account, the balance to be paid shortly thereafter, and that, though he made repeated attempts to collect this money, he was unable to do so.
Defendant pleads payment.
The record reveals that on July 17th, 1946, the plaintiff called at defendant's auto repair shop with the intention of having his truck repaired; that the defendant asked him if he would like to sell the truck and plaintiff agreed to the sale for the sum of $200.00; that, at this time, defendant wrote two identical agreements *Page 672 
evidencing the sale of the truck for $200.00, the payment of $10.00 on account and a balance due of $190.00; and that one of these agreements, signed by the defendant, was given to the plaintiff, and the other, signed by the plaintiff, was retained by the defendant. Both plaintiff and defendant agree that the balance was to be paid within a few days.
The plaintiff introduced in evidence his copy of this agreement signed by the defendant.
The defendant testified that he either lost or mislaid his copy of this agreement and that when the balance was paid to plaintiff he drew up another agreement which plaintiff signed, and which reads as follows:
"Frank Owens 7,23,1946 1211 S. Rampart 37 V 8. 60 Ford Motor No. 56116609 Paid $10.00 Balance $190
This truck sold to James Felder, 318 S. Prieur St. For the amount of truck in full $205 Paid to Frank Owens 1211 S. Rampart St 1 V. 8. 60 Ford 37 Model Paid in Full. (Signed) Frank Owens."
The plaintiff contends that he signed only one agreement and that on July 17th, 1946, the day the sale was agreed upon.
The document introduced by the defendant appears on its face to contain several erasures and alterations, the important ones being in the date and the amount.
The defendant and his witnesses, Leroy Broomfield and Walter Houston, both of whom were employed by him at the time, all testified that the balance was paid plaintiff on July 20th, 1946, whereas the receipt is dated July 23rd, 1946. It does not appear probable to this court that the money would have been paid on July 20th, and a receipt not given to the defendant until three days later.
The defendant has laboriously endeavored to explain why the amount in his receipt is shown at $205.00, rather than $200.00, or $5.00 more than originally agreed upon, by stating that on the day payment was made, plaintiff insisted that he could not sell the truck for less than $205.00, and that he, defendant, agreed to this increased price. However, both Broomfield and Houston, whom defendant claimed were eyewitnesses to the transaction, disagree with defendant and are most positive in their testimony that they heard nothing concerning the payment of an additional $5.00 and that only $190.00 had been paid to the plaintiff.
[1] It is our opinion that defendant never paid plaintiff, and further that the document offered in evidence by defendant, dated "7,23,1946", which bore the signature of the plaintiff, was the document originally dated July 17th, 1946, and which defendant claims was either lost or mislaid. We are also of the opinion that the date had been changed by the defendant from "7,17,1946" to "7,23,1946", and that the amount of $190.00 had been altered to read "$205" and further that the words "paid in full" had been written into the document over the signature of the plaintiff.
[2] The plaintiff disclaims any knowledge of the alterations and because of his disclaimer and other suspicious circumstances encompassing the transaction, we feel that we must conclude that the defendant was in bad faith and we must apply the principle of law that the burden of proof rests upon a party, relying upon a written instrument, to account satisfactorily for any alterations operating as a substantial change in the effect of the instrument. McMicken v. Beauchamp,2 La. 290; Pipes v. Hardesty, 9 La. Ann. 152, 61 Am. Dec. 202; Wheadon v. Turregano, 112 La. 931, 36 So. 808; Messi et al. v. Frechede, 113 La. 679, 37 So. 600.
We are reluctant to reverse the finding of a trial court based primarily on questions of fact, but in a case, such as we are presently analyzing, it is a self evident principle that it is occasionally easier to perceive fallacies and inconsistencies contained in the record by a comparison of the various portions of the transcribed record with other pertinent portions than it is to accurately observe and catalogue them while listening to the oral evidence of the various witnesses who testified during the course of the trial.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be *Page 673 
judgment herein in favor of plaintiff, Frank Owens, and against the defendant, James Felder, in the sum of $190.00 with legal interest from judicial demand until paid; costs to be borne by defendant.
Reversed.