HAMITKR, Justice.
■Certiorari brings this case before us, the writ having been issued when it was thought that perhaps the decision of the Court of Appeal, Orleans Circuit, was predicated on an erroneous statement of law.
The suit, filed July 5, 1946, has for its purpose the recovery of workmen’s compensation as for total and permanent disability. In his petition plaintiff alleged that on or about July 11, 1945, while in the course and scope of his employment with defendant, he sustained an inguinal hernia when delivering a heavy stove at Broussard’s Restaurant in the City of New Orleans.
The Court of Appeal sustained defendant’s plea of prescription of one year and dismissed the suit, it having concluded from the evidence that the only stove sold and delivered to Broussard’s Restaurant in 1945 was on March 7, 1945, and that plaintiff’s accident and injury, if such resulted occurred on that date (more than one year prior to the institution of this suit), not on July 11, 1945, as alleged. 37 So.2d 609, 612.
In announcing its conclusion the court thoroughly and accurately analyzed all of the evidence bearing upon the date of the alleged accident and injury, some of which was documentary and the balance in the form of testimony given by the litigants, and their several witnesses. Additionally,, the court commented: “The trial court drew an unfavorable inference against the defendant because defendant had subpoenaed Mr. Broussard of Broussard’s Restaurant, and had not permitted him to testify. We are cognizant of the fact that there are several decisions which hold that a litigant’s failure to place a witness on the stand raises the presumption that had the witness testified, 'his testimony would have been adverse to the litigant’s cause. However, admitting the tenableness of this argument, we are unwilling to concede that the effect of this inference or presumption would have balanced or turned the scales in favor of plaintiff. Mr. Broussard was present in court and Ms testimony was available to plaintiff and if his testimony •would have strengthened plaintiff’s position, he could have been sworn in his behalf.” (Italics ours.)
It was because of the emphasized sentence of the quoted paragraph that the writ of certiorari issued, we at the time having questioned the correctness of the observation there made which implied that Mr. Broussard’s failure to testify provided no inference in aid of plaintiff’s position. However, after our more mature consideration of the case, following its argument and submission here, we are now of the opinion that the questioned observation, even, if it be incorrect as a matter of law, was, and is of no importance in the determina *81 tion of defendant’s plea of prescription. Irrespective of it, and assuming arguendo (as did the Court of Appeal) that an inference favorable to plaintiff arose by reason of defendant’s failure to place Mr. Broussard on the stand, the evidence in the record considered in connection with the inference fairly and reasonably sustains the conclusion that the action was not instituted within the time prescribed by law. The inference, in other words, is insufficient to overcome the very strong and the superior showing made by defendant under the plea of prescription.
For the reasons assigned the judgment of "the Court of Appeal is affirmed.