CHASEZ, Judge.
Clarence E. Twilbeck, Sr. filed a suit against his brother,"' Hermen^J. "Twilbeck, for the sum of $2500.00 with interest at the rate of 1% per month, alleging that he is the holder and owner for valuable consideration before maturity of a certain *908 promissory note for the sum of $2500.00, dated May 19, 1955, executed by Hermen J. Twilbeck; he prays for a judgment in his favor for the sum of $2500.00, with interest at the rate of 1% per month from June 19, 1955 to January 14, 1965, subject to a credit of $475.00 for interest payments received by him from the defendant, with legal interest from date of judicial demand and for all costs.
The defendant, Hermen J. Twilbeck answered the petition, denied owing any sums to the plaintiff and asked for a dismissal of the plaintiff’s suit. The defendant admits that he did sign a certain instrument on May 19, 1955, payable to Clarence E. Twil-beck, Sr., for the sum of $2500.00, but avers that the instrument he signed was not signed in his personal capacity, but as president of a corporation known as “Live-Rite, Inc.”; that certain funds were advanced by the plaintiff to the defendant for account of the Live-Rite, Inc. and that through the years 1955, 1956, 1957 and 1958, interest payments in accordance with the tenor of the instrument sued on herein were made to the plaintiff out of corporate funds; that incorrect credits for payments of principal and interest on this instrument were alleged in the plaintiff’s petition since the plaintiff was paid in connection therewith the sum of $1400.00 instead of $475.00; that the interest set forth in the instrument exceeded 8% per annum and was therefore usurious; further, in the alternative, should he be held personally responsible on the instrument, he alleges that the instrument sued on is not a promissory note, but is only an agreement to pay usurious interest and a written acknowledgment of the loan, which was prescribed by the passage of three years, and that the entire obligation is null and void and/or prescribed under the law.
The record discloses that the instrument which Hermen J. Twilbeck contends that he prepared and signed read as follows:
“May 19, 1955
“In full consideration for the sum of Two-thousand five hundred dollars ($2500.00), the amount to be used for business operation capital, LIVE-RITE, INC, agrees to pay one percent (1%) interest per month to Mr. Clarence E. Twilbeck, Sr. This interest is to be paid monthly in the amount of $25.00 for the duration of the $2500.00 advance.
“This advance may be recalled in full or in part payable within 30 days after notification. If recalled in part, the balance will continue the interest rate of 1%.
“Interest payments are to begin on June 19,1955.
“All interest payments are to be made payable to Mr. Clarence E. Twilbeck, Sr. at 1011 Mazant Street.
Witnessed by: Lender: Clarence E. Twilbeck, Sr.
Address 810 Jena St. /s/
Address: Recipient: LIVE-RITE, INC.
HERMEN J. TWILBECK, PRES.
5323 Memphis St.” /s/
*909 The record further discloses that this instrument was altered, changed, and added to in the following manner:
On line 2 thereof, after the figures “$2500.00” the words “the amount to be used for business operation capital, Live-Rite, Inc.” were lined out and the name “Hermen J. Twilbeck” was inserted in lieu of “Live-Rite, Inc.”
At the bottom of the instrument after the word “Recipient” the name “Live-Rite, Inc.” was lined out and the name “Hermen J. Twilbeck” was inserted in lieu thereof. Underneath this change appeared the signature of the defendant, “Hermen J. Twil-beck, Pres. 5323 Memphis St.” and it will be observed that the title “Pres.” was lined out.
To the lower left of the document appears the following:
“Witnessed by:
Address:
And then in writing, the names: ‘Clara & Edward Connelly, 1011 Mazant St.’”
These alterations caused the instrument sued on to read as follows:
“May 19, 1955
“In full consideration for the sum of Two-thousand five hundred dollars ($2500.00), Hermen J. Twilbeck agrees to pay one percent (1%) interest per month to Mr. Clarence E. Twilbeck, Sr. This interest is to be paid monthly in the amount of $25.00 for the duration of the $2500.00 advance.
“This advance may be recalled in full or in part payable within 30 days after notification. If recalled in part, the balance will continue the interest rate of 1%.
“Interest payments are to begin on June 19, 1955,
“All interest payments are to be made payable to Mr. Clarence E. Twilbeck, Sr. at 1011 Mazant Street.
Witnessed by: Lender: Clarence E. Twilbeck, Sr. /s/
Address: 810 Jena St.
Address: Recipient: Hermen J. Twilbeck, /s/
5323 Memphis St.
*910 Besides the original thereof, a photostatic copy of this altered instrument forms part of the record. The original thereof indicates that there were no endorsements on the document.
The plaintiff herein, Clarence E. Twil-beck, Sr., in his testimony in the trial of this case, admits that all alterations, delineations and additions appearing in the face of this instrument were personally made by him.
The evidence given in this matter by both plaintiff and defendant is sharply contradictory. The plaintiff contends that when he agreed to advance the money sued for in this proceeding he and the defendant, his brother, met at the home of his sister, Mrs. Clara Connelly, at 1011 Maz-ant Street in the City of New Orleans; that he went to the Whitney Bank on Piety Street and his sister withdrew from the bank approximately $2300.00, to which sum he added the proceeds of a Police Department Payroll check to make up the sum of $2500.00„ That the money was his money and his sister kept it for him, and this sum was turned over to the defendant.
That while he had made all the alterations to the instrument above described he did so in the presence of his brother, the defendant, and that he acquiesced thereto; and that he wrote the names of his sister and brother-in-law, Clara & Edward Con-nelly on the bottom of the instrument because they -were present when the transaction occurred.
The defendant, Hermen J. Twilbeck, contends that the instrument, without alterations as above described, was prepared by him and was signed by him as “Recipient: Live-Rite, Inc., Hermen J. Twilbeck, Pres. 5323 Memphis St.” and left by him with his sister, Mrs. Clara Connelly, who appeared to be acting as agent or representative of the plaintiff, Clarence E. Twilbeck, Sr. That he never saw the instrument thereafter and he was not aware of the fact that this instrument was altered, changed or added to in any manner by his brother, Clarence E. Twilbeck, Sr. until after the suit against him was filed thereon by his brother, when he observed the instrument in the records of the Civil District Court; that at all times when payments were made on this instrument they were made to Mrs. Clara Connelly, for account of Clarence E. Twilbeck, Sr., and the funds paid were the funds of Live-Rite, Inc. except the payment made in December, 1961, after the Corporation was defunct, which he explained in his evidence.
The District Judge, in his resolution of the matter, apparently believed that the plaintiff advanced the money to the defendant personally and not for account of the Corporation, and that the defendant repaid the plaintiff the sum of $1350.00 instead of the sum of $475.00 set forth in plaintiff’s pleadings and after giving such credit, rendered judgment in favor of the plaintiff and against defendant for $1150.00, with legal interest from date of judgment until paid and all costs.
We are of the opinion that our learned brother below.erred in his conclusion in this matter for we believe that the plaintiff herein has failed by a preponderance of the evidence to prove his case.
Plaintiff herein produced as his only witnesses his daughter-in-law, Mrs. Gloria Twilbeck, and his daughter, Mrs. Sidney Twilbeck Deane. Neither one of these ladies were present when this transaction occurred or when the instrument was signed, and their testimony is of no aid to the parties or to the Court in reaching a decision in the matter, for they shed no light on any salient feature of this case.
The issue herein primarily is whether or not the document sued on had been altered and changed with the consent and knowledge of the defendant, Hermen J. Twilbeck, thereby rendering him personally liable.
The plaintiff herein contends that it was and the defendant contends that it was not.
Apparently from the face of the instrument itself, the sister and brother-in- *911 law of both plaintiff and defendant, i. e. Edward Connelly and Clara Connelly, whose names were placed upon the document in the handwriting of the plaintiff as witnesses, were the only witnesses to the transaction. The plaintiff however, failed to produce Edward Connelly or Clara Connelly to testify in this matter and since Clara Connelly, from the evidence, acted as agent or representative of the plaintiff and had peculiar knowledge of this transaction, her testimony was necessarily of great importance to the plaintiff. Since neither of these parties were subpoenaed by the plaintiff to testify in his behalf, (and we do not consider that their absence is satisfactorily explained,) the presumption under the law is that if they were present and gave their testimony it would be detrimental to him. Olivier’s Minor Children v. Olivier, 215 La. 412, 40 So.2d 803; Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369; Fried v. Bradley, 219 La. 59, 52 So.2d 247; Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582.
It has been held that where there have been material alterations made in an instrument, such alterations are assumed to be made subsequent to the execution and delivery of the instrument. Mary Johnson, widow of James Lewis vs. Bureau of Endowment of District Grand Lodge No. 21, United Order of Odd Fellows, et al, 12 Orleans Parish Court of Appeals Report, Page 188, and the following authorities therein cited: Wheadon v. Turregano, 112 La. 931, 36 So. 808; Messi v. Frechede, 113 La. 679, 37 So. 600; Slocomb v. Watkins, 1 Rob., 214; Union Bank of Louisiana v. Brewer, 2 La.Ann. 835, 836.
The plaintiff who relies for the establishment of his right under an instrument as is presented here bears the burden of proving that the alterations were made prior to the delivery of the instrument as .well as the burden of proving that such alterations and changes were consented to by the defendant. Pittman v. Robinson, La.App., 37 So.2d 609, affirmed, 217 La. 76, 46 So.2d 43; Owens v. Felder, La.App., 35 So.2d 671; Barrett Division of Allied Chemicals and Dye Corp. v. Kennedy Sawmills Inc., 230 La. 143, 88 So.2d 5; Harris Finance Corp. v. Fonte, 102 So.2d 885; Watts v. Brooks, La.App., 136 So.2d 403.
We are further of the opinion that the overall testimony of the plaintiff herein does not warrant a judgment in his favor for lack of credibility. The plaintiff alleged under oath that he had been paid only $475.00 on account of the obligation he considered due and owing to him, and when confronted with the evidence introduced and set forth in this record, he finally admitted that he had been paid $1350.00. Tile evidence that was submitted were documents in his own handwriting. Further, while, during the course of his testimony he stated he did not desire to collect usurious interest, on the occasions that he wrote to the defendant demanding payment, it will be noted that the usurious interest was included. This is clearly set forth by the document dated August 19, 1960 when the demand for the interest and principal was $3200.00; and by an interest statement which indicated $700.00 of interest due from August, 1958 through 1960, as well as in a letter he wrote the defendant in 1961, wherein he states:
“So please do me the favor and give me what you owe me, including the month of October 1961 you owe me exactly $3450.00 * * * ”
We do not believe that the credibility of the defendant in the matter has been impaired by any of the evidence adduced.
In the case of Owens v. Felder, La.App., 35 So.2d 671, this Court said:
“We are reluctant to reverse the finding of a trial court based primarily on questions of 'fact, but in a case, such as we are -presently analyzing, it is a self. evident principle-that it is occasionally., easier to perceive fallacies and inconsistencies contained in the record by a comparison of the various portions of *912 the transcribed record with other pertinent portions than it is to accurately observe and catalogue them while listening to the oral evidence of the various witnesses who testified during the course of the trial.”
We are convinced that the alterations made to the instrument sued on in this matter were made subsequent to the delivery of the instrument and since they are material alterations, for they malee the defendant herein personally liable for the obligation of the corporation known as Live-Rite, Inc., we are constrained to overrule the judgment of the Court a qua and dismiss plaintiff’s suit.
Therefore the judgment of the Court a qua in favor of the plaintiff and against the defendant is reversed and judgment is rendered herein in favor of defendant, Hermen J. Twilbeck, and against the plaintiff, Clarence E. Twilbeck, Sr., dismissing plaintiff’s suit at his cost.
Reversed and rendered.