GARSAUD, Judge.
This suit for breach of contract is brought by plaintiffs, Ken Edwards Real Estate, Inc. and Kenneth T. Edwards, Agent, against defendants, Molero’s Marina, Inc. and Melvin Molero. Plaintiff-appellant claimed a breach of real estate listing agreement through a sale outside of the *1068 agreement, and sued for the commission stipulated in the contract. Defendant-ap-pellee answered, alleging that a material alteration of the contract existed which extended the length of the contract from six months to twelve months. The sale of the property in question occurred between the six-month and twelve-month periods.
After a trial on the merits, the trial judge found that the plaintiff had failed to explain adequately the alteration, and judgment was rendered in favor of defendant. Plaintiff has appealed from that judgment.
This entire case turns on whether the contract was for six months or twelve months. There is no disagreement that the listing agreement was dated August 16, 1973 and the property in question sold on July 3, 1974, more than six months but less than twelve months from the execution of the contract. The resolution of this question depends on determining the intention of the parties. The absolute conflict in testimony, as well as the change and the interlineation in the agreement, render this task difficult.
The trial court answered the dilemma by ruling the contract inadmissible on the basis of the credibility of the defense and the inability of the plaintiff to explain satisfactorily the alteration and addition in the agreement. The following statement by the Court appears in the record at p. 314:
“The Court states for the record further that if in fact the Court would rule in favor of the defendant herein, and that no request for written reasons were asked by either attorney, in case of an appeal that both attorneys should know that the Court resolves the question of the admissibility which has been argued several times in favor of the defense, and vice versa, if I decide in favor of the plaintiff.”
Two versions of the agreement were submitted for a ruling as to admissibility. The plaintiff offered the original of the agreement, which was dated “8-16-73” at the top and “8-16-74” at the bottom on a line entitled “Expiration Date.” In the body, where the normal effective period reads “six (6) months,” one finds “six (6)” struck out and “12” written underneath. There are no initials by this strike-out. Further, under Melvin Molero’s signature, one finds typed the words, “As Ind. & Duly Author. Corp. Officer.”
The copy introduced by the defendant, which he testified that he obtained after suit was filed, does not have on it the typed words noted immediately above. It should be noted here that these words are the only typed words on the document. All other blanks are completed in the handwriting of the plaintiff.
In his answer, the defendant alleged that the contract was for only six months, thus putting squarely at issue the term of the agreement. In his testimony, he insists that the contract was altered in three ways after he signed, and without his knowledge: first, the strike-out of “six (6)” and the addition of “12”; second, the insertion of “8-16-74” in the blank for expiration date; third, the typed interlineation of “As Ind. & Duly Author. Corp. Officer.”
The plaintiff alleges that all of these changes were made while defendant was present and with his full knowledge. He explains the copy introduced by defendant, in which no typing appears, by stating that after the defendant signed the agreement, a copy of it was made and handed to defendant by plaintiff’s secretary. At that point, plaintiff became aware of the existence of the Molero corporation, at which time he contacted his attorney and was advised to type in the language at issue. The plaintiff maintains that all this was done in Molero’s presence, and that a second copy with the typing was given to him.
The trial court, in its finding for defendant, ruled the original agreement inadmissible. We agree with that ruling. It is well-settled that writings which are erased or interlined are presumed to be false, and the person relying on such a document must satisfactorily explain the alterations. McMicken v. Beauchamp, 2 La. 290 (1831); Barrett Division of Allied Chemical & Dye Corp. v. Kennedy Saw *1069 Mills, Inc., 230 La. 143, 88 So.2d 5 (1956); Twilbeck v. Twilbeck, 192 So.2d 907 (La. App. 4th Cir. 1966). Obviously, the trial court did not believe that the plaintiff satisfactorily explained the strike-out and the interlineation. This was a credibility question which the trial court resolved in defendant’s favor. Absent manifest error, of which there was none, the trial court’s conclusion must be given great weight. Canter v. Koehring Co., 283 So.2d 716 (1973); Dyson v. Gulf Modular Corp., 338 So.2d 1385 (1976). The lower court’s decision that plaintiff was unable to carry its burden in this regard was no doubt influenced by the fact that the plaintiff’s lawyer witness could not remember whether he gave the advice to insert the typed words in 1973 or 1974. and the inconsistent testimony offered by plaintiff’s secretary when she testified regarding the events of the day on which the agreement was executed.
Plaintiff-appellant objects to the application of the rule of McMicken and Barrett, supra, on the grounds that the finding of a material alteration should go to the weight of the evidence offered rather than to the admissibility thereof. The court in McMicken, however, stated:
“[W]e are of opinion the judge erred in receiving the instrument in evidence, with this apparent falsification — if the alteration be in a substantial part. . . ”
2 La. at 291. (Emphasis supplied.)
Appellant further argues that this case is controlled by Kindred v. Hardie-Meric, Inc., 159 So.2d 370 (La.App. 4th Cir. 1964) and Trinity Universal Insurance Company v. Lambert, 176 So.2d 651 (La.App. 1st Cir. 1965), writs denied, 248 La. 413, 179 So.2d 15. Appellant’s reliance is misplaced in both instances.
In Kindred, the court dealt with an instrument which simply was not altered. The complaint there was that what had been agreed to orally was not incorporated into the instrument. As the court stated in Kindred, “An examination of the document does not reveal to the naked eye that it has been altered.” Kindred v. Hardie, supra, at 373. Here we have a clear alteration that must be satisfactorily explained. Further, the fraud rationale of that case is inapplicable to the issue here as framed by the various allegations.
As far as Trinity is concerned, plaintiff, on the basis that the contract here actually was not completely filled out (specifically, the expiration date) when defendant left plaintiff’s office, argues that the contract is admissible into evidence because
“[WJhoever signs or executes an instrument bearing blanks and later contests the correctness of the completion of the blanks, bears the burden of proving by a preponderance of the evidence that the document was completed in a manner not agreed to between the parties.” 176 So.2d at 657.
This follows the general rule as stated in 3 C.J.S. Alteration of Instruments § 62 (1936), which provides:
“Blanks of any description left in writings not under seal may, except as prohibited by the statute of frauds, be filled in in pursuance of mere parol authority, and it may be laid down generally that if one signs an instrument containing blanks he must be understood to entrust it to the person to whom it is delivered to be properly filled in, according to the agreement between the parties, and, when so filled in, the instrument is not considered altered so as to invoke the technical rules there and it is as good as if originally executed in complete form. Strictly speaking, the filling of a blank in a written instrument presents merely a question of authority, and not one of an alteration of a completed instrument, and, as a general rule, when the filling of a blank space in an instrument is authorized by the parties, the act does not constitute a material alteration.”
Thus, according to plaintiff, even if th*> expiration date were left blank by defendant and later filled in, this is not a material alteration and the contract is complete on its face. This argument might have merit if it were merely a case of *1070 completing the contract by filling in the blanks. Here, however, there is also an interlineation of the word “six,” which has been replaced by the number “12.” This substitution acts as a material alteration, invoking the rule set forth in McMicken, supra.
For the reasons stated, the judgment is affirmed.

AFFIRMED.