BROWN<br>*v.*<br>BROWN.

---

## UNION BANK OF LOUISIANA *v.* BREWER et al.

Where a note appears on its face to have been altered in a material part, the amount and place of payment being written over erasures, rendering the note suspicious. in an action on it by a bank by which it had been discounted, against an accommodation endorser, not shown to have delivered the note to the bank, plaintiffs must prove that the alterations were made under circumstances which will render the note available.  Erasures in a note will be presumed to be false.

APPEAL by the defendant *Chambers*, from a judgment of the District Court of Rapides, *Cushman*, J.  *Taylor* and *Swayze*, for the plaintiffs, contended that an endorser warrants the genuineness of the instrument, and that it is incumbent on him to prove that any alterations in the instrument, apparent on its face, were falsely or fraudulently made.  *Waters*, for the appellant, cited Chitty, 212; Bailey, 98, 99; 19 Johnson, 391, to show that it was incumbent on the plaintiffs to prove that the note was altered under circumstances to render it available against the parties.  The judgment of the court was pronounced by

SLIDELL, J.*  The defendant *Josias Chambers* is sued as endorser of a promissory note made by *Brewer*, to the order of, and endorsed by, *Ralph Smith*, by *Chambers*, and by *Spurlock*.  The defendant pleaded the general issue; and also that, since he endorsed, a material change has been made in the instrument apparent on its face, and that such alteration has destroyed his liability.  The defendant asked for a trial by jury, which was refused.  The case was tried by the court, judgment was given for the plaintiffs, and the defendant *Chambers* has appealed.

The note has been brought up in original for our inspection.  It is in these words:

"$1500.                                     Alexandria, October 31, 1840.

"Twelve months after date I promise to pay to the order of *Ralph Smith*, the sum of fifteen hundred dollars, for value received, payable and negotiable at the office of discount and deposit of the Union Bank of Louisiana, at Avoyelles                                     F. W. BREWER.

"Credit the drawer.                Endorsed,   R. SMITH.
    "J. C.                                    JOSIAS CHAMBERS.
    "J. D. S.                                 JAMES D. SPURLOCK,"

In the body of the note between the words "of" and "hundred dollars," the word "*fifteen*" is written on a grossly palpable erasure.  The surface of the

---

* EUSTIS, C. J., did not sit, having an interest with the plaintiffs.

UNION BANK
*v.*
BREWER.

paper has been abraded, and the letters composing the word are spread or blotted. At the head of the note the figure " 1" has the appearance of being crowded between the mark " $" and the figures " 500." After the words " payable and negotiable at the office of discount and deposit of the Union Bank of Louisiana at," there is a palpable abrasion and erasure, over which is written the word " Avoyelles."

Three cashiers of banks have been examined, who all state that they would not have discounted a note having such an appearance. They concur as to the evident alteration of the note. The purport of their testimony as to the handwriting is, that the whole body of the note, except the month and day of the month, is in the hand-writing of *Brewer*; also the words " credit the drawer" at the foot of the note; and that the endorsements are genuine. One of these witnessess states that he believes the initials under the word "credit the drawer," to be in the proper hand-writing of the endorsers. It was admitted by the plaintiffs that the words " October 31" were written by *Coco*, the then cashier of the Union Bank, at its branch at Avoyelles. This cashier was examined by the plaintiffs under commission. He states that the note was discounted for the credit of *Brewer*, and in renewal of a note of the same amount given the year previous with the same endorsers, with the exception of *Smith*, who was not a party to the former note; that the proceeds of the discount were placed to the credit of *Brewer;* that there has been no erasure or obliteration in any part of the note since it came into the bank's possession; that if any alteration was made, it was done before its being discounted, and that it has remained in the bank's possession ever since the discount. It is to be observed that the plaintiffs' interrogatories to their own agent, and his answers, are entirely silent as to any direct communication of himself with *Chambers*, at the time of the discount. In the absence of any statement by the cashier upon this subject, and looking to the face of the note and the nature of the transaction, the inference is reasonable that the note was not brought for discount by the endorsers, or any of them—at all events, not by *Chambers*, the second endorser; and that *Brewer*, for whose account it was discounted, and to whose credit the proceeds went, brought the note to the cashier in the condition which it now presents. It is also in evidence that *Brewer* has left this State and is living in Texas, under the name of *Paschal*.

In our opinion the court below erred in giving judgment against *Chambers.* The alteration in a substantial part, which is grossly patent on the face of the instrument, detracts from its credit and renders it suspicious; and this suspicion the plaintiffs, claiming under it against an accommodation endorser, who is not shown to have delivered it to the bank, were bound to remove. In such a case, it is for the holder to prove, and not for the defendant to disprove, that it was altered under circumstances which will make it still available. The bank has failed to do so. It has failed to interrogate its cashier as to who brought the note for discount, and that agent has been silent on this point, leaving uncontradicted the reasonable inference that it was placed in the cashier's hands by the maker. It is also a suspicious circumstance that the bank should have slumbered on its claim for four years, before bringing this action. We think this a proper case for the application of the principal recognised in *McMicken* v. *Beauchamp*, 2 La. 291. See also Greenleaf on Evidence, § 564. Chitty on Bills [*212], and the cases there cited.

The judgment of the court below is therefore reversed, and judgment is given for the defendant *Chambers*, with costs in both courts.