(134 So. 100)

**PEOPLE'S BANK & TRUST CO. v. THIBODAUX.**

No. 30353.

March 30, 1931.

Ellender & Ellender, of Houma, for appellant.

Wurzlow & Watkins, of Houma, for appellee.

ROGERS, J.

Plaintiff sued on two notes of $2,500 each, dated respectively May 22, 1924, and April 13, 1925, maturing respectively on December 15, 1924, and December 15, 1925, and stipulating for interest and attorney's fees. The note of April 13, 1925, bears an indorsement under date of May 1, 1925, showing the payment of interest to May 1, 1925.

Defendant denied generally the allegations of the petition, and specially denied the alleged interest payment. He further pleaded that the notes sued on were void and unenforceable, because, after their delivery, their dates of issue and maturity had been changed, and an interest payment indorsed thereon without his authority or consent.

The court below rejected plaintiff's demand, and plaintiff appealed.

The testimony in the record, as well as the internal evidence of the notes themselves, discloses that both instruments have been altered as to their dates of issue and due dates, and one of them as to the dates of an interest payment and the extent of the acknowledgment thereof. The evidence also establishes that the alterations were made without the authority or consent of the defendant.

The Negotiable Instrument Act provides:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." Act No. 64 of 1904, § 124, page 165.

And section 125 of the statute declares that any alteration which changes the date, the time of payment, or the effect of the instrument in any respect is a material alteration.

Counsel for plaintiff do not deny that the notes were altered. Their contention is that the alterations were made by an agent of the bank (impliedly its former active vice president, a convicted embezzler) without its knowledge or consent.

The evidence in the record does not clearly show how, when, or by whom the alterations were made, except that they were made while the notes were in the possession and control of the bank prior to its closure by the state bank commissioner.

It is true that the board of directors of the bank never authorized any employee to make the alterations appearing in the notes. But the burden is clearly on the bank to explain the defects in the notes on which plaintiff's right of action is based in order to successfully meet the defense granted by law to the maker of a note materially altered by the holder without the maker's authority or consent.

Plaintiff's theory is that the notes in dispute were executed in the year 1923. Defendant admits that he signed two notes in 1923, but he contends he did so upon certain conditions which were not fulfilled by the bank, for which reason he considered himself absolved from all liability on the notes; that he declined to renew them when requested to do so, announcing that he would not pay them, and would welcome a suit to test his liability thereon. Defendant refused to ad-

nuit, however, that the altered notes were the ones he had signed in 1923, and the proof adduced on the trial of the case does not affirmatively establish their identity as such. In fact, for aught the record shows, the notes may have been altered on the dates they now bear; that is to say, in 1925.

The state bank commissioner took charge of the bank on January 8, 1927. Hence for approximately two years the bank was a going concern in possession of the patently altered notes, with a full complement of officers, directors, and employees, without any comment thereon or complaint thereof. Apparently none of the directors ever saw the notes during that period, nor were they ever examined or commented upon by any officer or committee, notwithstanding the fact that the interest thereon was unpaid, in violation of a sound business policy and the requirements of the state banking commissioner. It further appears from the record that, prior to the institution of this suit, the alterations appearing on the notes were brought to the attention of the representatives of the state banking department in charge of the liquidation of the bank. But the suit itself was brought on the notes in their altered form, not merely to protect the payee's rights without taking advantage of the alterations, and judgment was prayed for accordingly.

Ordinarily, plaintiff cannot avoid the effect of the alteration of which he is chargeable with knowledge after he has brought suit upon the instrument in its altered form, since, by suing upon the altered instrument, he is deemed to have ratified the alterations. 2 C. J. 1258, § 154.

Under the circumstances of this case, we are forced to the conclusion reached by the judge of the district court that the payee bank, the continuous possessor of the altered instruments during almost two years, is justly chargeable with legal responsibility for the alterations now patently appearing on the notes.

For the reasons assigned, the judgment appealed from is affirmed.