No. 3063

Second Circuit

SIMMONS v. GREEN ET AL.

(January 14, 1932.  Opinion and Decree.)

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellees.

STEPHENS, J. The plaintiff, W. W. Simmons, sues the defendants D. M. Green and Frank Kettler as makers of a promissory note for the sum of $134.04, dated September 8, 1926, and alleged to be due and payable October 20, 1926. The note is alleged to represent the balance due plaintiff on the purchase price of a truck which he sold to the defendants. The plaintiff, asserting the existence of a vendor's lien and privilege on said truck, has caused its seizure under a writ of sequestration.

The defendants answered admitting the execution of the note sued on, and that it represents the balance due plaintiff on the transaction as alleged, but aver that it was due and payable on October 20, 1929; and that without their knowledge or consent it was materially altered by the plaintiff by his changing the due date from October 20, 1929, to October 20, 1926, and for which reason the said note is avoided, and that they owe plaintiff nothing on account thereof. The defendants pray for the rejection of plaintiff's demands, and that they be awarded damages in the sum of $100 for the wrongful and illegal seizure of the truck.

A trial in the district court resulted in a judgment rejecting plaintiff's demands and dissolving the writs of sequestration without damages. The plaintiff alone has appealed, and the defendants have not answered the appeal.

The sole question therefore which is presented to the court for determination is whether the note was materially altered under circumstances which would avoid it.

The pertinent facts which were developed on the trial of the case were as follows:

The note was drawn by W. S. Montgomery, a stranger with reference to the instru-

ment. At the time of its execution, the due date was written October 20, 1929. The due date was changed to read October 20, 1926, without the knowledge or consent of the defendants. The change was not made by Montgomery.

We conclude from these undisputed facts, and others disclosed by the record, that the due date was written October 20, 1929, by Montgomery, through error, and that the alteration was made by plaintiff (the note being in no one's possession except his and Montgomery's after its execution) in good faith and for the purpose of correcting the instrument to conform to the true intent of the parties.

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." Act No. 64 of 1904, sec. 124.

A negotiable instrument is materially altered if the time or place of payment be changed. Act No. 64 of 1904, sec. 125.

As the time of payment was changed without the assent of the makers of the note, the alteration falls clearly within the definition of the statute of a material alteration, which operates an avoidance of the instrument. The note sued on therefore has been rendered inoperative against the defendants, unless it be held that, as the alteration was made without fraudulent intent, but in good faith, and solely for the purpose of correcting the instrument to conform to the intent of the parties, its validity has been thereby preserved.

In the case of Alford v. Delatte et al., 160 La. 712, 107 So. 500, it was held that, where the father, Ramie Delatte, signed blank notes payable to the Louisiana National Bank (the name of the bank was printed on the note as payee) for the accommodation of his son Alcide Delatte, a substitution by the son without the father's consent of an individual as payee, was such a material change as to avoid the instrument as to the father.

In the cited case, the good faith and honest intent of the son was unquestioned. He merely made the change in the payee for his own convenience.

It is the obvious purpose of the statute to preserve the integrity of negotiable instruments, and to enjoin the highest care upon the holders thereof, and to penalize them with loss if any material alteration results from their conduct, be it negligent or fraudulent. It is our opinion that the statute should be strictly enforced, and that, if a negotiable instrument is materially altered, it is avoided regardless of the intent of the party making it.

All of the authorities are not in accord on the question; but the rule as stated in 1 R. C. L. "Alteration of Instruments," sec. 28, we believe, is supported by the weight of authority in the United States. It is as follows:

"It may be stated as the general rule that the intent or motive with which an alteration in an instrument was made is entirely immaterial, so far at least as the effect upon the instrument itself and upon the rights evidenced by it is concerned. A material alteration of an instrument by a party thereto will vitiate it, though made with no fraudulent intent whatever and with an entirely honest motive. It is not because the thing done is actual fraud, but because a contrary rule would open the door for fraud, and because

the alteration changes the legal identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke, a result which would ensue however pure the intent with which the alteration was made, that the law holds the instrument to be null and void."

However, we are of the opinion that the intent of the party making the alteration has a very material bearing upon his right to recover upon the consideration for which the vitiated instrument was given. If the alteration be made with fraudulent intent, recovery on the original consideration should not be permitted; but, if the alteration be made with the motive to correct the instrument in accordance with the real intention of the parties to it, the right to pursue the original consideration should be reserved.

"To allow one who has designedly made a material alteration in an instrument to recover on the original consideration would be to depart from the sound and just principle that no one shall be permitted to take the chance of committing a fraud without running any risk of losing by the event when it is detected. If, however, the alteration of the instrument was without fraudulent intent, while the instrument itself is invalidated thereby, yet it is well settled that the right to recover on the original consideration remains." 1 R. C. L. "Alteration of Instruments," sec. 36.

It is ordered, adjudged, and decreed that the judgment appealed from be amended so as to reserve to plaintiff the right to sue for the balance due on the purchase price of the truck, and, as thus amended, it is affirmed.