McBRIDE, Judge.
Plaintiff’s suit on a promissory note signed by defendants was dismissed and it has appealed. One of the defenses tendered by defendants is that the note is avoided and they are free of liability thereon as a result of a material alteration in the instrument made without their assent. The note, for $546, was given in representation of the deferred portion of the price of a food freezer purchased by defendants from *886 Food Freezers, Inc. Plaintiff claims it is the holder and owner in due course of said note and acquired the same in good faith from said vendor.
When defendants purchased the freezer they desired the credit portion of the price financed for their account by The National Bank of Commerce in New Orleans, and to that end they signed the note, said bank being stated therein as the place of payment. However, The National Bank of Commerce in New Orleans subsequently disapproved the loan to defendants. Some time thereafter, the date not being specifically shown, the note came into the possession of the plaintiff, and it clearly appears that there is an alteration on the note changing the place of payment from The National Bank of Commerce in New Orleans to “Harris Finance Corporation,” and it is not explained by plaintiff who changed the place of payment, when the alteration was made, and whether plaintiff acquired the note before or after the alteration. The note is paraphed “Ne Varietur” for identity with an act of sale and chattel mortgage of the food freezer passed before J. E. Harris, Notary Public, who, the testimony shows, is the president of plaintiff. Surprisingly, Harris was not produced as a witness, and as he undoubtedly had within his knowledge the key to the whole situation, there must be drawn from the failure to call him as a witness a most unfavorable inference against plaintiff' and that is that had Harris been produced, his testimony would have been unfavorable and damaging to plaintiff’s cause. ....
The holder has the burden of explaining alterations appearing on a note to successfully meet the defense of a material alteration without the maker’s authority. People’s Bank & Trust Co. v. Thibodaux, 172 La. 306, 134 So. 100; Wheadon v. Turregano, 112 La. 931, 36 So. 808; Union Bank of Louisiana v. Brewer, 2 La.Ann. 835.
LSA-R.S. 7:124 provides as follows:
“Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent in-dorsers.
“But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.”
LSA-R.S. 7:125 provides:
“Any alteration which changes:
“(1) The date;
“(2) The sum payable, either for principal or interest;
“(3) The time or place of payment;,
“(4) The number or the relations of the parties;
“(5) The medium or currency irt which payment is to be made;
“Or which adds a place of payment where no place of payment is specified, or any other change or addition which, alters the effect of the instrument in any respect, is material alteration.”
- The unauthorized material alteration in the instrument sued on avoided it, and there is no liability in defendants on the note.
There was a third party defendant in the-case who is not before the court, because no appeal was taken by defendants or the third party defendant who filed a reconven-tional demand against defendants.
Plaintiff would have us hold defendants liable for the price of the freezer on the contract of sale. The suit is on a note which, as we have said, the law has avoided, and the question of defendants’ *887 liability on the contract of sale is not before the court.
For the reasons assigned, judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.