LOTTINGER, Judge.
Alleging himself to be the “holder and owner in due course and before maturity of one certain check, and for valuable consideration, dated June 22, 1959, drawn on the Citizens Bank of Wetumpka, Alabama, payable to the order of Margaret Blevines, 'endorsed in blank, in the amount of Two hundred fifty and no/100 — ($250.-00) — Dollars, made and executed by Taylor P. Brooks, Sr.” plaintiff instituted this suit against the latter seeking judgment in said amount.
The lower court rendered judgment in favor of the plaintiff and the defendant has appealed.
The check, as it presently stands, is dated “6/22 1959”. Casual observation readily reveals that the numeral “6” has been written over another figure which close scrutiny shows to be, as far as can be determined, the numeral “4”.
LSA-R.S. 7.T24 reads as follows:
“Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent in-dorsers.
“But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.” (Emphasis supplied).
LSA-R.S. 7:125 reads as follows:
“Any alteration which changes:
“(1) The date;
“(2) The sum payable, either for principal or interest;
“(3) The time or place of payment;
“(4) The number or the relations of the parties;
*405 “(5) The medium or currency in which payment is to be made;
“Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is material alteration.” (Emphasis supplied).
It is perfectly obvious that the date on the check in question has been changed and the record contains no proof that it was done with the drawer’s assent. In an unbroken line of jurisprudence the courts of this state have affirmed the proposition that an unauthorized material alteration avoids a negotiable instrument. Union Bank of Louisiana v. Brewer, 2 La.Ann. 83S (1847); Wheadon v. Turregano, 112 La. 931, 36 So. 808 (1904); People’s Bank and Trust Co. v. Thibodaux, 172 La. 306, 134 So. 100 (1931); Simmons v. Green, 18 La.App. 492, 138 So. 679 (Second Circuit 1932); Harris Finance Corporation v. Fonte, 102 So.2d 885 (La.App., Orleans 1958).
It is equally well established that for a material alteration to avoid a negotiable instrument the alteration must have been made without the assent of the maker. In such instances, however, the burden of proving the maker’s assent to the alteration is imposed upon the holder of the instrument. In this regard, we note in Harris Finance Corporation v. Fonte, La.App. Orleans, 102 So.2d 885, 886, the following pertinent pronouncement:
“The holder has the burden of explaining alterations appearing on a note to successfully meet the defense of a material alteration without the maker’s authority. People’s Bank and Trust Company v. Thibodaux, 172 La. 306, 134 So. 100 (1931); Wheadon v. Turregano, 112 La. 931, 36 So. 808 (1904); Union Bank of Louisiana v. Brewer, 2 La.Ann. 835 (1847).”
 Under the above cited provisions there has, therefore, clearly been a material alteration. But, argues counsel for plaintiff, the latter should nevertheless recover as he is a holder in due course and protected under the provisions of the second paragraph of LSA-R.S. 7:124. LSA-R.S. 7:52, however, provides as follows:

“A holder in due course is a holder who has taken the instrument under the following conditions:

“(1) That it is complete and regular ■upon its face;
“(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
“(3) That he took it in good faith and for value;
“(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.” (Emphasis supplied).
As pointed out above, it is perfectly apparent upon looking at the date on the check that it has been tampered with. The instrument was not “regular upon its face” and, therefore, the plaintiff cannot be held to occupy the status of a holder in due course. Thus the second paragraph of LSA-R.S. 7:124 does not apply and under the provisions of the first paragraph thereof the material alteration must necessarily result in the instrument being “avoided”.
For the reasons assigned the judgment appealed from is reversed and it is ordered, adjudged and decreed that plaintiff’s suit be dismissed at his costs.
Judgment reversed.