McBRIDE, Judge.
Plaintiff, a moneylender, sues for $620, the face value of defendant’s promissory note, plus interest and attorney’s fees. The defense is there is a partial lack of consideration and fraud, defendant contending he only borrowed $200. From a judgment in its favor for $200, etc., plaintiff appeals, seeking to recover the full amount sued for.
In 1958 defendant borrowed $300 from plaintiff’s Carondelet Street office, and after repaying one installment on his note went into voluntary bankruptcy, leaving an unpaid balance of $289.68. Defendant ultimately received his discharge as a bankrupt.
On December 8, 1961, defendant sought a loan of $200 from plaintiff’s Airline Highway office. He states plaintiff required him to sign several papers, among which were a note and a check which he endorsed. Defendant emphatically declares neither the note nor the check was filled out. Plaintiff’s cashier gave defendant $200 in cash.
Four or five days thereafter defendant received via mail a “payment record” which showed that he owed $620 and would be re *298 quired to repay $31 per month. Defendant could not understand why he owed such a large amount, and after paying a visit to plaintiff’s office, he consulted his attorney who tendered plaintiff $200 in settlement of the note which was refused and this suit ensued.
Plaintiff’s position is that defendant borrowed $489.68 which was given him in the form of a check which he endorsed and returned to plaintiff; that the amount of the loan represented the new loan of $200 plus the $289.68 balance on the previous loan which plaintiff says defendant acknowledged as a debt and agreed to pay; that defendant’s note for $620 included both of said amounts plus the discount charged him. Defendant denies he discussed or agreed to pay the old debt from which he had been discharged by bankruptcy, and that the loan company added the indebtedness to the amount of the note without his knowledge.
The trial judge was of the opinion defendant signed the note and endorsed the check, but he was not satisfied that defendant obligated himself to pay the natural obligation owed on the old loan. A strange circumstance is that one Castañedo, plaintiff’s employee who handled the transaction on December 8, 1961, was not called as a witness although we are given to understand this person is in New Orleans in the employ of another loan company, and there is no testimony on plaintiff’s behalf emanating from anyone that defendant agreed to pay the natural obligation. The only witness plaintiff produced was a Mr. Liberto, who testified he knows that the amount of the note includes the prior obligation because of the fact that the amount of the note would be the exact sum due for a $200 loan plus the old balance and with discount charges on both.
We agree with the trial judge that plaintiff has not borne its burden of proving that defendant agreed to pay the natural obligation. It would be most unusual and highly unlikely that a man in order to secure a loan of $200 would agree to pay an unenforceable obligation of $289.68, and we simply do not believe defendant did so.
Bearing in mind Castanedo’s non-production as a witness, this is a case in which should be invoked the familiar rule of law that where a litigant fails to produce a witness who is readily available, the presumption exists that the witness’s testimony would be unfavorable to the litigant.
Therefore, the judgment of $200 against defendant was proper and the same is affirmed. Costs of appeal are to be borne by plaintiff.
Affirmed.