SAMUEL, Judge.
This suit on a promissory not was instituted by the holder against the makers thereof. The petition prays for judgment in the amount of $773.19, the alleged balance due on the principal amount of $843.48. The defendants answered admitting execution of the note in the principal amount of $100, admitted payments of $79.20 and averred material alterations of the note, that the principal amount had been changed from $100 to $843.48 and the number of monthly installments had been changed from 4 to 36. There was judgment in the trial court in favor of the defendants, dismissing plaintiff’s suit. Plaintiff has appealed therefrom.
The pertinent evidence contained in the record, including the testimony of a quali *435 fied examiner of questioned documents, is without contradiction and leaves no doubt about the relevant facts. Those facts are:
Two representatives of Rich Plan of New Orleans, Inc. visited defendants in the lat-ters’ home and sold them a home food plan for the price of $100. They wanted the defendants to sign a note in blank but the latter refused. One of the representatives then filled in the space reserved in the note for the principal amount with the figure 100 and the space reserved for the number of installments with the figure 4, both figures being written in ink. The defendants then signed the note and they have never made, authorized or assented to any alteration thereof. Several days later defendants received a payment book from plaintiff, which had acquired the note from Rich Plan of New Orleans, Inc., showing the amount due on the note to be $843.48, payable in 36 monthly installments of $23.43 each. Defendants almost immediately protested to Rich Plan of New Orleans, Inc. and to plaintiff that there was an error in the amount, but to no avail. They also consulted with their district attorney and on advice of counsel made three of the payments. They refused to make further payments and this action followed. The note now contains the figures $843.48 as the principal amount and 36 as the number of installments. The original figures 100 and 4, which were written in ink, have been erased and the present figures typed over the erasures.
The trial court found as a fact that the alterations were “obvious to the naked eye”. Our examination of the instrument reveals that the erasures around and under the typewritten figures 843.48 and 36, although somewhat cleverly done, are easily seen. In addition, there appears under the first figure a small ink line, in all probability a part of the figure 1 as it originally appeared in 100, and another small ink mark under the figure 36. We hold that the alterations are apparent to the naked eye on the face of the note by the use of ordinary care in inspecting the instrument.
Even if the plaintiff is a holder in due course as it contends, under the second paragraph of N.I.L. § 124 (LSA-R.S. 7:124) it could enforce payment only in accordance with the note’s original tenor, i. e., it could recover only the original principal amount of $100, subject to a credit for the three payments made. However, under the facts and circumstances here present and under the pertinent portion of N.I.L. § 52 (LSA-R.S. 7:52) plaintiff is not a holder in due course. The portion of § 52 referred to reads: “A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; * * Here plaintiff acquired an instrument which was not complete and regular upon its face because of alterations apparent to the naked eye by the use of ordinary care in inspecting that instrument. Watts v. Brooks, La.App., 136 So.2d 403; Guaranty Finance Corporation v. Mire, 2 La.App. 794; Britton Bills & Notes, 2d Ed., § 285.
N.I.L. § 125 (LSA-R.S. 7:125) specifically provides that any alteration which changes the sum payable is a material alteration. Therefore, the first paragraph of N.I.L. § 124 (LSA-R.S. 7:124) is determinative of the instant case and prevents any recovery by the plaintiff on- the note in suit. That paragraph reads:
“Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent indorsers.” N. I.L. § 124 (LSA-R.S. 7:124).
The judgment appealed from is affirmed.
Affirmed.