REGAN, Judge.
The plaintiff, Liberty Loan Corporation of Louisiana, Inc., initially filed this suit against the defendants, William Louis Schroeder, Jr., and his wife, Rosemarie Auglair Schroeder, endeavoring to recover the sum of $406.80 which they assert is the balance due on a promissory note and chattel mortgage executed by them.
Judgment by default was rendered in favor of the plaintiff and against the defendants in solido, awarding it the sum of $406.80. Subsequently, the defendant, William Louis Schroeder, filed this petition which we are now considering, to nullify the foregoing judgment asserting therein that it was obtained by fraud or ill practices; that the note and chattel mortgage had been materially altered; that Liberty Loan Corporation was not a holder in due course; that petitioner has a valid defense to the altered note; and finally that he never ratified or agreed to the alteration.
Liberty Loan Corporation of Louisiana, Inc., filed an exception of res judicata asserting that any material alteration of the note must be pleaded specially before issue is joined and, therefore, Schroeder’s petition is ineffective since prescription has tolled. It then significantly answered the petition by asserting that if there were any alteration in the documents they were minor, unintentional and did not change the nature or substance of the contract and are legally insufficient to bar recovery by the plaintiff, which it reiterates is a holder in due course.
Judgment was rendered in favor of Liberty Loan Corporation of Louisiana, Inc., dismissing the petition for nullity of judgment. From that decree the defendant has prosecuted this appeal.
The record discloses that on June 27, 1968, the defendant executed a promissory note representing the purchase price of a vacuum cleaner. He now contends that the price appearing on the sales slip was $324.-95 and that this sum was entered on the note as the principal amount due by him. He related that the sum of $406.80 was written over the figure $324.95, and that he never ratified this alteration. He conceded that he had never made a payment on account of this debt.
No fraud or ill practice on the part of the plaintiff was found by the trial judge. In his reasons for judgment he pointed out that the note dated June 27, 1968,[1] stated clearly in two places that the principal amount was $406.80, one in writing and the other describing that twenty-four equal installments of $16.95 were to be paid. He reasoned that the correction of the figure $324.95 to $406.80 was minor and unimportant not amounting to fraud or a ma *99 terial alteration as intended by the rationale of Louisiana Revised Statute 7:125.
We are in accord with the lower court’s conclusion that the correction of the figure $324.95 to $406.80 did not constitute fraud or a material alteration as delineated in R.S. 7:125. This statute provides that an alteration which changes the sum payable, representing either principal or interest is a material alteration. However, to reiterate only for the purpose of emphasis, this note clearly stated in writing that the amount due was “four hundred six and 80/100 dollars.” Moreover, the note also provided that the amount was to he paid in twenty-four equal monthly installments of $16.95, which computes to the sum of $406.80. Consequently, the only alteration on the face of the note is that portion thereof contained in parenthesis in numbers directly following the amount stated in words. We are convinced that the “alteration” complained of is merely the correction of an obvious mistake or inconsistency which is not of such a material nature as to render the note invalid under the statutory law referred to hereinabove.[2]
This conclusion is amply substantiated by the rationale emanating from R.S. 7:17(1), which provides that when there is a discrepancy between the sum payable expressed in words as opposed to figures, the sum denoted by the words is the sum to be considered as the amount payable.[3] Thus, if the amount expressed in figures had been left unaltered on the face of the note, the sum expressed in words would have prevailed over the sum written in figures, and the plaintiff would have had nothing of which to complain; this is especially true since the amount set forth in words is supported by a computation of the stated installments.[4]
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiffs in the nullity action are to pay all costs incurred therein.
Affirmed.

. In the reasons for judgment the date of the note was erroneously stated to be January 27, 1968.

. See 4 Am.Jur.2d Alteration of Instruments, § 38.

. La.C.C. Art. 2243. “No bill of exchange, promissory note or other instrument for the payment of money, made within this State, shall be received as evidence of a debt, when the whole sum shall be expressed in figures, unless the same shall be accompanied by proof that it was givén for the sum therein expressed. The cents or fractional parts of a dollar may be in figures.”

.It is obvious that this case does not fall in the category of cases in which the entire note was changed completely. See, for example, Nationwide Acceptance Corporation v. Henne, La.App., 194 So.2d 434 (1967).