BOUTALL, Judge.
This is an appeal by defendant, Earl A. St. Germain, from a judgment against him as one of the makers of a promissory note, which he signed as an accommodation party to the other makers, Mr. and Mrs. Rufus Robinson. This case originally came before the lower court in March, 1968, and a default judgment was rendered in favor of plaintiff. Subsequently, St. Germain was adjudged a bankrupt on September 5, 1968, and he was discharged in bankruptcy on the 25th day of November, 1968. Thereafter the plaintiff filed a petition to revive judgment previously had. To this petition the defendant, St. Germain, filed an answer especially pleading his discharge in bankruptcy. After trial on the merits, the court rendered a judgment in favor of plaintiff reviving the original judgment against St. Germain previously rendered by default. From this judgment the defendant, St. Germain, appealed contending that the lower court erred in rejecting his defense of discharge in bankruptcy and he asserts four specifications of error.
The suit is based upon a promissory note held by plaintiff, CHF Finance Discount “A” Company, Inc., in the amount of $1197.36. The note came into existence as a result of a loan from plaintiff sought by Mrs. Viola Hall Robinson, defendant’s wife’s maid, and her husband, Rufus Robinson. The Robinsons apparently wished to purchase an automobile and were seeking this loan to finance the purchase. The defendant, Earl A. St. Germain, was requested by the Robinsons to be an endorser on the note in order for them to secure the loan. He thereupon appeared at the office of the plaintiff and signed the note along with the Robinsons as a maker, although he was truly an accommodation party.
The Robinsons apparently made no payments on the note, and St. Germain began to make the payments. Sometime thereafter he encountered financial difficulty and made no more payments. The note then became delinquent on August 14, 1967, by failure to pay the installment then due and owing, and this suit followed.
The defendant contends that he received a discharge in bankruptcy and that the promissory note in question was properly listed amongst his debts, and that as a result he is released from this debt. It is plaintiff’s position that even though the debt in question was listed on the bankruptcy schedule filed by defendant, this obligation is not discharged because of the provisions of the Bankruptcy Act § 17(a) *219 (2), 11 U.S.C.A. § 35(a) (2), as amended July 12, 1960, which state:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published in any manner whatsoever with intent to deceive * *
In consideration of this section of the Bankruptcy Act our courts have held that before it is applicable, the plaintiff must show that: (1) defendant made false representations; (2) these representations were made with the intention of defrauding plaintiff, and (3) the plaintiff relied upon and was misled by the false pretenses or representations. To determine the correctness of the lower court’s decision, that decision must be reviewed in light of the requirements set out above. See CHF Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 (1961) and cases cited therein. The defendant’s specifications of error are based upon these requirements.
The first requirement set out is that the defendant made false representations. The plaintiff’s main reliance is upon the financial statement given by the defendant when he appeared to sign the promissory note. The record clearly shows that there are several debts and obligations of the defendant which were in existence at that time, but which were not included on his financial statement. The defendant in testimony has been able to explain some of these. However, it does appear to the court that there were several substantial debts not included, and that the amount of these debts is such as to constitute a false statement. The defendant does not seriously contest that all of his debts were not listed. He relies, however, upon the second requirement that these representations were not made with the intention of defrauding plaintiff.
The defendant contends that he was only slightly questioned as to his financial condition and as to his assets and debts. He testified that the interview as to his condition was conducted by a female employee of the plaintiff and that he was only asked to list some of his debts and the movable property contained in his home. He denies that. he. had any intention whatsoever to defraud the plaintiff and denies that he stated to the manager that he had listed all of his debts on the form prior to signing it. In opposition to defendant’s testimony is the testimony of Mr. Campos, the President and Manager of the plaintiff finance company. Their testimony conflicts in numerous instances and apparently the trial judge was of the opinion that the testimony of Mr. Campos should prevail. However, we believe that he has committed manifest error in so doing.
The record shows that Mr. Campos, under cross examination, admitted that the application was not taken by him, but by another employee.
“Q. — Was this application from Mr. St. Germain taken by you?
Campos — No.
Q. — By whom was it taken ?
Campos — A. I.
Q — Who is A. L?
Campos — Think it stands for Ann Im-broguglio.”
Mr. Campos additionally testified that the Ann Imbroguglio he referred to was still employed by him. The record shows that this employee was neither subpoenaed as a witness nor did she appear and testify. There is no explanation offered as to why she, who actually performed the interview, was not called. It is our opinion that the trial judge overlooked this failure to call this witness or did not give such failure the proper consideration.
It is well established that whenever there is a conflict in testimony that cannot be *220 reconciled, it becomes necessary to pass primarily upon the veracity of the witnesses, and further that where the credibility of witnesses is involved the finding of fact of the trial judge must be given great weight and should not be disturbed unless manifestly erroneous. However, we do not find these principles to be applicable here. True, there is a direct conflict in the testimony of the defendant and the plaintiff’s President, but here the conflict could be reconciled by the production of the person who actually handled the interview and took the financial statement of the defendant.
A parallel can be drawn between this case and the case of American Thrift and Finance Plan, Inc. v. Potter, 157 So.2d 297 (La.App. 4th Cir. 1963), wherein the actual person who handled the transaction was not called as a witness. The Court of Appeal therein stated that the plaintiff did not bear its burden of proof, invoking the “familiar rule of law that were a litigant fails to produce a witness who is readily available, the presumption exists that the witness’s testimony would be unfavorable to the litigant”.
The Supreme Court has enunciated in numerous cases the fundamental rule of evidence concerning available witnesses:
“One of the fundamental rules of evidence is that a failure to call an available witness possessing peculiar knowledge concerning facts essential to a party’s case or to produce evidence of a more explicit, direct, and satisfactory character than that relied on by him, raises the inference or presumption that the testimony of the witness not called would not sustain his contention and that if more satisfactory evidence had been given it would prove detrimental in his cause. This is particularly true where no effort has been made to substantiate the statement of a witness whose credibility, although put in doubt, is susceptible of corroboration.” Bates v. Blitz, 205 La. 536, 17 So.2d 816, 820 (1944) and cases cited therein.
See also: Hughes v. Chrysler Corporation, 216 So.2d 636 (La.App. 4th Cir. 1968); Harris Finance Corporation v. Fonte, 102 So.2d 885 (La.App.Orl.1958).
We are of the opinion that this rule should be rigidly applied in cases such as the one which is now before us. Justice demands that a borrower should be given ample and full information as to the effect of not making a wholly complete and correct financial statement. The borrower because of his usual lack of knowledge of the possible effects of such a financial statement is placed at a decided disadvantage in doing business with lending companies.
In this case, to demonstrate relative knowledge of the defendant and plaintiff’s President, we have only to refer to the case of CHF Finance Company v. Smith, 158 So.2d 272 (La.App. 4th Cir. 1963), wherein plaintiff’s President (the same Mr. Campos) made statements that he relied on the false financial statement of the borrower there, and that he would not have made the loan had he known of defendant’s outstanding debts. We held in that case that such testimony was an insufficient basis from which to conclude that plaintiff relied on and was misled by defendant’s false financial statement when other aspects of the record disclosed that in fact the plaintiff did not rely on the statement, but rather on other considerations.
It is noteworthy that this conclusion was based, in part, upon the fact that another female employee of plaintiff, who handled the transaction, testified contrary to some of his testimony.
Plaintiff, however, insists that in this case the words “no other debts” allegedly written by defendant under a listing of his debts on the financial statement show his intention to defraud. The defendant denies that he wrote those words on the statement and can offer no explanation as *221 to how they came to appear there. Certainly, the testimony of the employee who took the statement would be important as to this point. We hold plaintiff’s evidence insufficient to show fraudulent intent. We agree with the court in Excel Finance Treme, Inc. v. Noel, 138 So.2d 654, 656 (La.App. 4th Cir. 1962) which held that:
“The plaintiff has fallen far short of proving that the financial statement was given with fraudulent intent or the loan was made in full reliance on the financial statement. We are not impressed with plaintiff’s testimony in this case. We note that in an increasing number of cases of this same pattern the innocent borrower is at a complete disadvantage. * * * ”
It is interesting to note that the plaintiff here maintains membership in the New Orleans Credit Bureau, and, although requiring an additional endorser of the note along with the original seekers of the loan, failed to avail itself of those services, knowing that to check on the borrower’s financial responsibilities would indicate a lack of reliance on the financial statement. In this connection, cognizance' is taken of CHF Finance Company v. Smith, supra, and this court’s holding in Excel Finance Mid City, Inc. v. Meilleur, 137 So.2d 503 (La.App. 4th Cir. 1962), wherein defendant testified he signed the note and statement as given to him but that he did not recall writing the word “none” on the financial statement under debts or loans due by him. Analogy is drawn to the present case, in that the defendant, under direct examination, testified to the wording “no other debts”, on his financial statement and upon which plaintiff claims to have relied, in this manner:
“Q. — Is this your handwriting, no other debts ?
A. — No sir.”
This court affirmed the lower court’s decision in defendant’s favor in this language :
“When a small loan company * * * has the means to check his financial responsibility * * * but closes its eyes, it should be estopped to complain of misrepresentation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.”
Accordingly, we hold that the plaintiff has failed to sustain the burden of proving the financial statement was made with the intention of defrauding plaintiff.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Earl A. St. Germain, and against the plaintiff, CHF Finance Discount “A” Company, Inc., dismissing the latter’s suit. All costs in both courts to be paid by plaintiff-appellee.
Reversed.